**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| PerDiemCo LLC,<br><br>                 Plaintiff,<br><br>    v.<br><br>Geoforce Inc.,<br><br>                Defendant. | **Civil Action No.:**<br><br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff PerDiemCo LLC ("PerDiem" or "Plaintiff") files this Complaint against Defendant Geoforce Inc. ("Geoforce" or "Defendant") and alleges the following:

**Nature of the Action**

1.      This is an action for patent infringement under 35 U.S.C. § 271.

2.      This action arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

3.      PerDiem seeks monetary damages and injunctive relief.

**The Parties**

4.       Plaintiff PerDiem is a limited liability company organized under the laws of the State of Texas with a place of business at 505 East Travis Street, Suite 205, Marshall, Texas 75670.

5.      On information and belief, Defendant Geoforce is a corporation organized under the laws of Delaware, has an office and corporate headquarters at 5830 Granite Parkway, Suite 1200, Plano, Texas 75024, and has Capitol Corporate Services, Inc., 206 E. 9th St., Suite 1300, Austin, Texas 78701, as its registered agent for service of process.

**The Asserted Patents and Plaintiff's Standing**

6.        The asserted patents are United States Patent Nos. 9,680,941 ("the '941 patent", Exhibit A-1); 9,871,874 ("the '874 patent", Exhibit A-2); 10,021,198 ("the '198 patent", Exhibit A-3); 10,397,789 ("the '789 patent", Exhibit A-4); 10,602,364 ("the '364 patent", Exhibit A-5); 10,819,809 ("the '809 patent", Exhibit A-6); 11,064,038 ("the '038 patent", Exhibit A-7); 11,622,237 ("the '237 patent", Exhibit A-8); and 11,716,595 ("the '595 patent", Exhibit A-9) (collectively "the Patents-in-Suit").

7.        PerDiemCo LLC of Marshall, Texas is the assignee of the Patents-in-Suit, as listed on the face of each patent.

8.        An assignment to PerDiem of the Patents-in-Suit was recorded at Reel 035620, Frame 0088 of the United States Patent & Trademark Office ("USPTO") assignment records.

9.        PerDiem owns all rights, titles, and interests in the Patents-in-Suit, including the right to bring a civil action for infringement and to recover money damages for current and past infringement.

**Jurisdiction and Venue**

10.       This Court has subject matter jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States.

11.       Defendant's office and corporate headquarters at 5830 Granite Parkway, Suite 1200, Plano, Texas 75024, is a physical place in this judicial district; is a regular and established place of business; and is a place of the defendant.

12.       Defendant has committed acts of direct and indirect infringement alleged in this Complaint in this judicial district.

13.     Venue in this judicial district is proper under 28 U.S.C. §§ 1391(c) and/or 1400(b) because Defendant resides in this judicial district and/or because Defendant has committed acts alleged to infringe the Patents-in-Suit and has a regular and established place of business in this judicial district.

14.     Defendant has conducted and continues to conduct systematic and continuous business in this judicial district, including at Defendant's office and corporate headquarters at 5830 Granite Parkway, Suite 1200, Plano, Texas 75024, and by providing a website and interactive web pages at https://www.geoforce.com ("the Geoforce website").

15.     Defendant's activities in this judicial district include the making, providing, using, testing, distributing, selling, offering to sell, and/or advertising of mobile communications technology, products, and services for the transportation industry that are alleged to infringe the Patents-in-Suit.

16.     This Court has personal jurisdiction over Defendant for purposes of this action in accordance with the Texas Longarm Statute and the due process clause of the United States Constitution.

17.     Plaintiff has brought other suits for infringement of the Patents-in-Suit and related patents in Marshall, Texas, and this Court has studied the subject matter disclosed in the Patents-in-Suit and related patents and issued decisions on construction of claim terms, patent eligibility, the written description requirement, and the enablement requirement.  The following patent infringement actions were brought by Plaintiff in this judicial district and division:

> *PerdiemCo LLC v. MiX Telematics Ltd. et al* 2-21-cv-00190 (EDTX) filed May 29, 2021;

> *PerdiemCo LLC v. Telular Corporation et al* 2-16-cv-01408 (EDTX) filed Dec. 13, 2016;

> *PerdiemCo LLC v. Geotab Inc. et al* 2-16-cv-01203 (EDTX) filed Oct. 26, 2016;

*PerdiemCo LLC v. GPS Logic LLC* 2-15-cv-01216 (EDTX) filed Jul. 02, 2015;

*PerdiemCo LLC v. TV Management, Inc.* 2-15-cv-01217 (EDTX) filed Jul. 02, 2015;

*PerdiemCo LLC v. thingtech LLC* 2-15-cv-01218 (EDTX) filed Jul. 02, 2015;

*PerdiemCo LLC v. LiveViewGPS, Inc.* 2-15-cv-01219 (EDTX) filed Jul. 02, 2015;

*PerdiemCo, LLC v. Forward Thinking Systems LLC* 2-15-cv-01220 (EDTX) filed Jul. 02, 2015;

*PerdiemCo LLC v. Geotab Inc. et al* 2-15-cv-00726 (EDTX) filed May 15, 2015;

*PerdiemCo, LLC. V. IndusTrack LLC* 2-15-cv-00727 (EDTX) filed May 15, 2015;

*PerdiemCo, LLC. V. Omnivations II, LLC* 2-15-cv-00729 (EDTX) filed May 15, 2015;

*PerdiemCo, LLC. V. Teletrac, Inc.* et al 2-15-cv-00730 (EDTX) filed May 15, 2015; and

*PerdiemCo, LLC. V. Telogis, Inc.* 2-15-cv-00733 (EDTX) filed May 15, 2015.

18.     This judicial district and this division is a convenient forum for this action because: Plaintiff and Defendant have litigated patent infringement actions in this judicial district; Plaintiff PerDiem's place of business is in Marshall, Texas; Defendant Geoforce's corporate headquarters is in Plano, Texas; and this Court has handled other actions brought by Plaintiff for infringement of the Patents-in-Suit and related patents.

## The Invention and Issuance of the Patents-In-Suit

19.     Darrell Diem is the sole inventor of the Patents-in-Suit.  He served in the Air Force for four years as an electronics technician.  After being honorably discharged, Mr. Diem worked through college to earn degrees in physics and mathematics from Marquette University.  He also obtained a Master of Business Administration from Michigan State University and a Master of Arts in Pastoral Ministries from St. Thomas University, Miami, Florida.  Mr. Diem has worked for Motorola, Harris Corporation, Time Domain, and other technology companies.

20.      Mr. Diem conceived of the subject matter claimed in the Patents-in-Suit when his daughter's car broke down on a long road trip.  Mr. Diem wanted to convey location information for his daughter in an efficient way that would still protect her privacy.  Mr. Diem's claimed inventions have a broad range of significant applications and are widely used today.

21.      The Patents-in-Suit each claim priority to U.S. Provisional Patent Application No. 60/752,879, which was filed on December 23, 2005.

22.      The '941 patent, entitled "Location Tracking System Conveying Event Information Based on Administrator Authorizations," was duly and legally issued by the USPTO on June 13, 2017.  A copy of the '941 patent is attached hereto as Exhibit A-1.

23.      The '874 patent, entitled "A Multi-Level Database Management System and Method for an Object Tracking Service That Protects User Privacy," was duly and legally issued by the USPTO on January 16, 2018.  A copy of the '874 patent is attached hereto as Exhibit A-2.

24.      The '198 patent, entitled "Software-Based Mobile Tracking Service with Video Streaming When Events Occur," was duly and legally issued by the USPTO on July 10, 2018.  A copy of the '198 patent is attached hereto as Exhibit A-3.

25.      The '789 patent, entitled, "Method for Controlling Conveyance of Event Information About Carriers of Mobile Devices Based on Location Information Received from Location Information Sources Used by the Mobile Devices," was duly and legally issued by the USPTO on August 27, 2019.  A copy of the '789 patent is attached hereto as Exhibit A-4.

26.      The '364 patent, entitled "Method for Conveyance of Event Information to Individuals Interested Devices Having Phone Numbers," was duly and legally issued by the USPTO on March 24, 2020.  A copy of the '364 patent is attached hereto as Exhibit A-5.

27.     The '809 patent, entitled "Method for Controlling Conveyance of Event Notifications in Sub-Groups Defined Within Groups Based on Multiple Levels of Administrative Privilege," was duly and legally issued by the USPTO on October 27, 2020.  A copy of the '364 patent is attached hereto as Exhibit A-6.

28.     The '038 patent, entitled "Method for Tracking Mobile Objects Based on Event Conditions Met at Mobile Object Locations," was duly and legally issued by the USPTO on July 13, 2021.  A copy of the '364 patent is attached hereto as Exhibit A-7.

29.     The '237 patent, entitled "A Method That Logs Locations of a Mobile Computing Device in a Log File," was duly and legally issued by the USPTO on April 4, 2023.  A copy of the '237 patent is attached hereto as Exhibit A-8.

30.     The '595 Patent entitled "A Method for Conveying Event Information Based on Roles Assigned to Users of a Location Tracking Service" was duly and legally issued by the USPTO on August 1, 2023.  A copy of the '595 patent is attached hereto as Exhibit A-9.

31.     The asserted claims in the Patents-in-Suit are entitled to a presumption of validity pursuant to 35 U.S.C. § 282.

32.     The asserted claims in the Patents-in-Suit are valid under 35 U.S.C. §§ 101, 102, 103, and 112, as confirmed by multiple USPTO Examiners.

33.     The asserted claims in the Patents-in-Suit were allowed over extensive prior art that was disclosed and made of record during prosecution of the applications that issued as the Patents-in-Suit. *See Stone Basket Innov. v. Cook Med.,* 892 F.3d 1175, 1179 (Fed. Cir. 2018) ("when prior art is listed on the face of a patent, the examiner is presumed to have considered it"); *Exmark Mfg. v. Briggs & Stratton*, 879 F.3d 1332, 1342 (Fed. Cir. 2018).  After conducting a thorough search

for all relevant art, and after fully considering the most pertinent prior art known at the time, the USPTO Examiners allowed all claims in the Patents-in-Suit to issue.

34.     The asserted claims in the Patents-in-Suit are novel and non-obvious over the prior art, including any non-cited art that is merely cumulative to the referenced and cited prior art. *See* 37 C.F.R. § 1.56(b) (information is material to patentability when it is not cumulative to information already of record in the application).

## The Asserted Claims Are Patent Eligible

35.     The inventions claimed in the Patents-in-Suit, which are the '941, '874, '198, '789, '364, '809, '038, '237, and '595 patents, represent improvements to location tracking systems and methods.

36.     The asserted claims in the Patents-in-Suit are directed to patent-eligible subject matter.

37.     In the Patents-in-Suit, the locations of mobile objects or devices are tracked in a network and a tracking service sends notifications or alerts after group event conditions are met based on the locations of tracked objects in the group. Group event conditions may be based on a relationship between the locations of mobile objects or devices and the location of a zone, such as, for example, an event occurring when group vehicles equipped with GPS devices cross a boundary, which causes an alert/notification to be sent.

38.     The claimed inventions in the Patents-in-Suit improve upon conventional systems by providing a reliable and efficient way for service subscribers to track objects and convey notifications to authorized recipients.  The claimed inventions achieve these benefits, in part, by creating multiple levels of administrative privilege and applying multiple levels of access control.

39.      In at least one of the claimed embodiments in the Patents-in-Suit, a first level of administrative privilege is used by a system administrator of the tracking service to control user membership in groups specified by that administrator.  A second level of privilege is assigned by this system administrator to a second administrator, e.g., a service subscriber, for each group, thereby allowing the second administrator to control sending of notifications within the group. The system administrator does not exercise control of the sending of notifications within groups.

40.      In this claimed embodiment in the Patents-in-Suit, the second administrator of each group has control over who receives notifications within the group.  This control is exercised independent of the system administrator and independent of the second administrators for any other groups.  The second administrator may be provided with interfaces for setting event conditions and setting alerts/notifications for the group.

41.      In this claimed embodiment in the Patents-in-Suit, a first level of access control is used to enable a second administrator to specify an event condition, i.e., a geo-fence, and an access list for the group.  Only authorized users identified by the second administrator on an access list can receive the alerts/notifications, thereby providing enhanced privacy.  A second level of access control is used to enable authorized users to access the notifications/alerts.

42.      The systems, devices, and methods of the asserted claims in the Patents-in-Suit establish object location events that may be defined at an application or user level.  (*See, e.g.,* '941 patent at 2:11-15.)   These systems, devices, and methods are also directed to conveying information relating to object location events to one or more computing devices, which may be associated with corresponding identification codes of one or more users.  ('941 patent at 2:16-19.)

43.      According to at least one of the claimed embodiments in the Patents-in-Suit, an object location event can relate to information about the object location and information about a

zone defined by a user.  ('941 patent at 2:23-25.)   In another claimed embodiment, information about the object location is derived from a location information source associated with the object, and an object location event may occur as a result of the satisfaction of a defined relationship or condition between the object location information and user-defined zone information.  ('941 patent at 2:26-31.)

44.       A person of ordinary skill in the art would understand that the asserted claims in the Patents-in-Suit are directed to unconventional computing solutions and address problems particular to computerized location tracking systems.

45.       A person of ordinary skill in the art would understand that the asserted claims in the Patents-in-Suit provide computerized location tracking systems, devices, and methods in a manner that solved challenges and problems associated with the tracking techniques and systems known in the art at the time.  A person of ordinary skill in the art would understand that the asserted claims in the Patents-in-Suit contain novel and unconventional inventive concepts sufficient to render the asserted claims patent-eligible.

46.       A person of ordinary skill in the art understood that, in location tracking systems that were known or available before the priority date of the Patents-in-Suit, information about the mere location of a device might be conveyed but without the correlation of events to the object location and without conveying information about such events to computing devices.  ('941 patent at 1:55-60.)

47.       A person of ordinary skill in the art would understand that the asserted claims in the Patents-in-Suit overcame these disadvantages by, for example, describing and enabling systems, devices, and methods in which information about the object location is derived from a location information source associated with the object, and in which an object location event may

occur as a result of the satisfaction of a defined relationship or condition between the object location information and user-defined zone information. ('941 patent at 2:26-31.) Moreover, a person of ordinary skill in the art would understand that these claimed systems, devices, and methods are directed to conveying information relating to object location events to one or more computing devices, which may be associated with corresponding identification codes of one or more users. ('941 patent at 2:16-19.)

48.    A person of ordinary skill in the art would understand that the asserted claims in the Patents-in-Suit resolve technical problems related to interactive location-tracking technology. For example, the claimed inventions allow remotely located parties to interact in a computerized environment in real-time with one or more users, which is necessarily implemented using computer technology. ('941 patent at 17:9-57.)

49.    A person of ordinary skill in the art would understand that the asserted claims in the Patents-in-Suit do not recite performance of a method that was known in the pre-Internet or pre-computer world and do not merely add the requirement that a known method be performed on the Internet or using a computing device. Instead, a person of ordinary skill in the art would understand that the asserted claims in the Patents-in-Suit recite inventive concepts that are necessarily rooted in computerized location tracking system technology and overcome problems specifically arising in the realm of computerized location tracking system technology. ('941 patent at 1:21-59.)

50.    A person of ordinary skill in the art would understand that the asserted claims in the Patents-in-Suit do not preempt all ways of using location tracking system technology, do not preempt the use of any well-known location tracking technology, and do not preempt the use of any other well-known or prior art technology.

51.     A person of ordinary skill in the art would understand that the asserted claims in the Patents-in-Suit are not directed to any general or well-known "method of organizing human activity," or to a "fundamental economic practice long prevalent in our system of commerce," or to "a building block of the modern economy."

52.      A person of ordinary skill in the art would understand that the asserted claims in the Patents-in-Suit do not apply a well-known or established business method or process to a general-purpose computer.  Instead, a person of ordinary skill in the art would understand that the claimed inventions have no direct corollary to a process that predates the advent of computers, networking, and the Internet.

53.     A person of ordinary skill in the art would understand that the asserted claims in the Patents-in-Suit are directed toward a technical solution necessarily rooted in computer technology that uses technology unique to computers and networks to overcome problems specifically arising in computerized location tracking technologies.

54.     A person of ordinary skill in the art would understand that the asserted claims in the Patents-in-Suit are not directed at a mere mathematical relationship or formula.

55.     A person of ordinary skill in the art would understand that the asserted claims in the Patents-in-Suit cannot be performed by a human, in the human mind, or by pen and paper.

56.     This Court has previously determined that subject matter disclosed and claimed in the Patents-in-Suit is directed to patent-eligible subject matter. The Patents-in-Suit are related to and have the same specification as another PerDiem patent that was before this Court in *PerDiemCo LLC v. Industrack LLC et al.*, No. 2:15-cv-727-JRG-RSP.  In that action, this Court adopted the Report and Recommendation by Magistrate Judge Payne attached hereto as Exhibit C (the Report and Recommendation), which confirms that the subject matter disclosed and claimed

contains eligible subject matter under 35 U.S.C. §101. *PerDiemCo LLC v. Industrack LLC et al.*, No. 2:15-cv-727-JRG-RSP (September 21, 2016) at DKT 233.

57.     In the Report and Recommendation, this Court recognized that the subject matter claimed in a related patent "requires a variety of computer-related components, including: 'user identification code[s],' 'a location information source,' and 'an information access code.' The claim then recites a specific structure of rules for providing information about the locations of objects to users and for managing user access to this information." This Court then determined:

> It is therefore not apparent that claim 6 recites "'nothing significantly more' than an instruction to apply [an] abstract idea . . . using some unspecified, generic computer." [Citation omitted.] Instead, claim 6 defines a set of rules for organizing and improving the behavior of a computerized location information system. Here, as in *McRO*, "[t]he specific structure of the claimed rules would prevent broad preemption of all rules-based means" for achieving the desired result. [Citation omitted.]

*Perdiemco, LLC v. Industrack LLC*, No. 2:15-cv-727-JRG-RSP, 2016 U.S. Dist. LEXIS 135667, *16 (E.D. Tex. 2016); Exh. C, p. 11.

58.     A person of ordinary skill in the art would understand that the asserted claims in the Patents-in-Suit recite elements that are computer-related components, as well as a specific structure of rules for providing object location information to users and for managing user access to this information.

59.     In the Report and Recommendation, this Court recognized, when considering the patent-eligibility of the subject matter claimed in a related patent, that:

> Managing the information provided by the location information source using a set of relationships defined in part by access codes is what the claim is all about. . . . The analogy also fails to capture another key feature of the claim: centralization. . . . It is also not clear that any actor in the analogy performs the "interfacing" and "conveying" steps. These deficiencies in the analogy help to illustrate why claim 6 is not merely a computerized version of conventional human activity, it is an improvement to a computer system that administers, manages, and conveys location information in a centralized way.

*Perdiemco,* 2016 U.S. Dist. LEXIS 135667, *18; Exh. C, p. 12.

60.     A person of ordinary skill in the art would understand that the asserted claims in the Patents-in-Suit recite elements that are not merely a computerized version of conventional human activity but are an improvement to a computer system that administers, manages, and conveys location information in a centralized way.

61.     During prosecution of the claims of the '941 patent, which was the first to issue of the Patents-in-Suit, the USPTO specifically considered whether the claims satisfied the criteria for subject matter eligibility under the *Alice/*Mayo two-part test. The USPTO determined that the asserted claims are directed to patent-eligible subject matter under 35 U.S.C. § 101. A copy of excerpts of the prosecution history of the '941 patent is attached hereto as Exhibit D, including an Office Action by the USPTO rejecting claims under 35 U.S.C. § 101, PerDiem's response to the Office Action setting forth reasons why the USPTO should withdraw the Section 101 rejection, and the USPTO's Notice of Allowance of the claims.

## PerDiem's Patent Portfolio and Licensing History

62.     PerDiem owns a patent portfolio that includes other, non-asserted patents that have the same specification as the Patents-in-Suit and claim priority to the same provisional application, Serial No. 60/752,879.

63.     To date, PerDiem's portfolio of patents, including at least some of the Patents-in-Suit, has been licensed successfully to thirty (30) licensees.

64.     PerDiem's portfolio of patents, including at least some of the Patents-in-Suit, has been the subject of a number of patent litigations in the United States.

65.     In the patent litigations that have been concluded, a settlement was reached by PerDiem with twenty-two (22) litigants that were accused of infringement. All of these settlements resulted in licensing agreements in which PerDiem was compensated by the 22 accused infringers. Any prior art identified by these accused infringers was timely submitted by PerDiem to the USPTO for consideration during prosecution of any pending patent applications that were related to or issued as the Patents-in-Suit.

## Defendant's Tracking Products and Services

66.     On information and belief, Defendant provides, uses, offers, and/or sells the tracking products and services that are alleged to infringe the asserted claims of the Patents-in-Suit ("the Accused Instrumentalities").

67.     On information and belief, Defendant's tracking products and services include but are not limited to the Geoforce Track & Trace platform (https://www.geoforce.com/track-and-trace/). This platform is provided by Geoforce to its partners, customers, and/or users to support at least the following applications and environments:

1-    Geoforce Track & Trace for Non-Powered Equipment, as described in:

https://www.geoforce.com/wp-content/uploads/Track-and-Trace-Non-Powered-Equipment.pdf

2-    Geoforce Track & Trace for Powered Equipment, as described in:

https://www.geoforce.com/wp-content/uploads/Track-and-Trace-Powered-Equipment.pdf

3-    Geoforce Track & Trace For Vehicles, as described in:

https://www.geoforce.com/wp-content/uploads/Track-and-Trace-Vehicles.pdf

4-    Geoforce Track & Trace Mobile Application (for iOS or Android), as described in:

https://www.geoforce.com/mobile-tools/

5-    Geoforce Track & Trace platform used with the Iridium Edge Solar Tools application, as described in:

https://apps.apple.com/ec/app/iridium-edge-solar-tools/id1528618642?platform=iphone

6-    Geoforce Track & Trace platform used with the worldVIEW Mobile application, as described in:

https://apps.apple.com/ec/app/worldview-mobile/id1121422795?platform=iphone

7-    Geoforce Track & Trace platform used with the Geoforce-MFT Field Tools application, as described in:

https://apps.apple.com/ec/app/geoforce-mft/id1005133735?platform=iphone

68.     On information and belief, Defendant has in the past and continues to make, provide, use, test, distribute, sell, offer to sell, advertise, and/or import the Accused Instrumentalities, which are mobile communications technology, products, and services that are alleged to infringe the Patents-in-Suit.

69.     On information and belief, Defendant and its affiliates, employees, and/or agents make, provide, use, test, distribute, sell, offer to sell, advertise, and/or import the Accused Instrumentalities for use by Defendant's partners, customers, and/or users, leading to direct or indirect revenues and profits.  On information and belief, without its direct and indirect infringement of the asserted claims of the Patents-in-Suit, Defendant would be at a disadvantage in the marketplace for tracking products and services and would generate less revenues and profits.

70.     On information and belief, Defendant provides user guides, marketing materials, and technical information relating to the features, functions, operation, and use of the Accused Instrumentalities to existing and prospective partners, customers, and/or users.

71.     On information and belief, Defendant also provides instruction materials, engineering support, customer support, customer training, and other services for Defendant's partners, customers, and/or users regarding the features, functions, operation, and use of the Accused Instrumentalities, including at least the following User Guides:

> 1-   Geoforce Track and Trace User Manual, at:
>
>      https://gfhelpdesk.wpenginepowered.com/wp-content/uploads/2022/06/Track-Trace-User-Manual-original.docx-1.pdf)
>
> 2-   Geoforce Global Traceability for Field Equipment, at:
>
>      https://www.geoforce.com/wp-content/uploads/Company-Overview-Low-Res.pdf

3-    Geoforce Track and Trace for Vehicles; at:

https://www.geoforce.com/wp-content/uploads/Track-and-Trace-Vehicles.pdf

4-    World Class APIs from Geoforce, which provides examples of how to integrate the Geoforce APIs into applications, at:

https://developers.geoforce.com/ and

https://developers.geoforce.com/coding-examples/

72.    The Accused Instrumentalities of Defendant infringe one or more of the asserted claims of each of the Patents-in-Suit, as set forth in detail in the attached claim charts (Exhibits B-1 through B-9), and as further described below.

73.    On information and belief, Geoforce provides a set of application programming interfaces (APIs) that are collectively called the Geoforce Platform. On information and belief, the Geoforce Platform resides within Amazon Web Services (AWS).

74.    On information and belief, Geoforce has entered into a service contract with Amazon, which administers Amazon Web Services (AWS).  On information and belief, Geoforce has contracted with Amazon to perform certain services for the Geoforce Platform, such as the storing and retrieving of data from databases maintained by Amazon.

**Actual Knowledge of and Willful Blindness to the Patents-in-Suit**

75.    On information and belief, Defendant acquired the company Cartasite LLC (Cartasite) and its tracking technology, products, and services in March of 2019.

76.    On information and belief, after its acquisition of Cartasite, Defendant rebranded Cartasite's then-existing line of tracking technology, products, and services as StriveSafe.  On information and belief, this StriveSafe product line of Defendant included and includes the

worldView Mobile application, which is an Accused Instrumentality that enables customers to remotely monitor the location and status of vehicles, assets, and workers in real time.

77.     On July 12, 2018, PerDiem provided a letter entitled Notice of Infringement of PerDiemCo Patents to Cartasite ("Notice of Infringement Letter"). The letter was written by PerDiem's counsel, Mr. Robert Katz, to Mr. Peter Neuberger, CRO of Cartasite, and invited Cartasite[1] to take a non-exclusive license under PerDiem's patents, which were identified in an attached Exhibit A. The Notice of Infringement Letter (with attachments/enclosures) is attached to this complaint as Exhibit E. Exhibit A to the Notice of Infringement Letter identified several of the Patents-in-Suit, including the '941, '874, and '198 Patents.

78.     In a letter dated July 20, 2018, counsel for Cartasite, Ms. Judith A. Keene, acknowledged receipt of the Notice of Infringement Letter ("Cartasite Acknowledgement Letter"). In addition to noting the inadvertent reference in the Notice of Infringement Letter to products offered by "Pedigree Technologies, LLC," Cartasite's counsel indicated the Notice of Infringement Letter would be forwarded "to one of Cartasite's licensors, VisTracks, Inc., from which driveTIME is licensed." The Cartasite Acknowledgment Letter is attached to this complaint as Exhibit F.

79.     In response to Cartasite Acknowledgement Letter, PerDiem's counsel on Aug. 23, 2018, provided an email to Cartasite's counsel with the subject line, Cartasite Claim Chart, PerDiemCo Patent Summaries and Other Information (PerDiem Reply Email). The PerDiem Reply Email corrected and apologized for the inadvertent reference to Pedigree Technologies in

---

[1] While addressed to Cartasite, the Cartasite Notice Letter inadvertently contained a typographical error and referred to the "products and services of Pedigree Technologies LLC" instead of Cartasite in the first paragraph.

the Notice of Infringement Letter.  The PerDiem Reply Email (together with two attached files named "PDC PATENTS" and "EoU for Cartasite") is attached to this complaint as Exhibit G.

80.     The PerDiem Reply Email responded to Ms. Keene's statement (on behalf of Cartasite) indicating an infringing Cartasite product, driveTime, was provided by VisTracks and that Cartasite would forward the Notice of Infringement Letter to one of Cartasite's licensors. PerDiem informed Cartasite, "even if you purchased the system, service, or equipment from VisTracks, Cartasite can still be liable for patent infringement if Cartasite resells or uses an infringing product. PDC's infringement claim against your client is based on the use or sale of such an infringing product regardless of where your client obtained the product. PDC does not consider the fact that the infringing product was provided to Cartasite by VisTracks as a defense to its infringement."

81.     The PerDiem Reply Email provided Cartasite with specific grounds for PerDiem's Notice of Infringement Letter.  PerDiem supplied Cartasite with "a claim chart and summaries of PDC patents designed to specifically show Cartasite's evidence of use as a registered ELD service provider to motor carriers."  PerDiem further stated, "Although we have concluded that Cartasite infringes numerous claims of the patents in the PDC portfolio, the attached claim chart focuses on claim 33 of the '961 patent as exemplary of Cartasite's infringement. To further facilitate the understanding of PDC's patents by you and your client, and to help you determine whether Cartasite infringes any of the other patents in the PDC portfolio, which includes eight patents, we enclose a summary of the PDC patents that we believe cover Cartasite's system, software, and apparatus."

82.     On information and belief, neither Cartasite nor Geoforce responded to the PerDiem Reply Email and neither Cartasite nor Geoforce ever substantively responded to

PerDiem's allegations of infringement of any of the Patents-in-Suit or any of the related PerDiem patents.

83.     On information and belief, Defendant had actual knowledge of the Patents-in-Suit or was at least willfully blind as to their existence, and also had actual knowledge or was at least willfully blind that its actions would cause its employees, agents, partners, customers, users, and/or suppliers to infringe, by no later than March 2019, as a result of: (1) the July 12, 2018, Notice of Infringement Letter; (2) the Aug. 23, 2018, PerDiem Reply Email; and (3) the due diligence that should have been conducted by no later than March 2019 when Geoforce acquired Cartasite (and its infringing tracking technology, products, and services) to determine if Cartasite or any of its technology had been accused of patent infringement.

84.     On information and belief, Defendant makes, provides, uses, tests, distributes, sells, offers to sell, advertises, and/or imports the Accused Instrumentalities as part of Defendant's knowing and intentional inducement of Defendant's employees, agents, partners, customers, users, and/or suppliers to directly infringe one or more of the asserted claims of the Patents-in-Suit by directing, encouraging, instructing, supporting, and aiding those persons to make, use, sell, or offer to sell the Accused Instrumentalities in a manner that infringes the Patents-in-Suit.  On information and belief, Defendant acted with intent to cause direct infringement. Specifically, Defendant had actual knowledge of the Patents-in-Suit or was at least willfully blind as to their existence, and also had actual knowledge or was at least willfully blind that its actions would cause its employees, agents, partners, customers, users, and/or suppliers to directly infringe.

85.     On information and belief, Defendant has taken active steps to induce infringement of the asserted claims of the Patents-in-Suit, such as the providing of instruction materials, engineering support, customer support, customer training, and other services for Defendant's

partners, customers, and/or users regarding the features, functions, operation, and use of the Accused Instrumentalities. As examples, Defendant provides at least the following User Guides for the Accused Instrumentalities on the Geoforce website:

1. Geoforce Track and Trace User Manual;

2. Geoforce Global Traceability for Field Equipment;

3. Geoforce Track and Trace for Vehicles; and

4. World Class APIs from Geoforce.

## COUNT I – INFRINGEMENT OF THE '941 PATENT

86. Paragraphs 1 through 85 are incorporated by reference as if fully set forth herein.

87. On information and belief, Defendant directly infringes and continues to directly infringe under 35 U.S.C. § 271(a) at least one or more claims of the '941 patent, literally and/or under the doctrine of equivalents.

88. On information and belief, Defendant has in the past and continues to make, provide, use, test, distribute, sell, offer to sell, advertise, and/or import the Accused Instrumentalities in the United States.

89. An exemplary claim chart attached hereto as Exhibit B-1 and incorporated by reference herein details the correspondence of every element of claims 1, 3, 4, 8, 11, and 12 of the '941 patent with features of the Accused Instrumentalities.

90. On information and belief, Defendant's employees, agents, partners, customers, users, and/or suppliers directly infringe and continue to directly infringe at least one or more claims of the '941 patent, literally and/or under the doctrine of equivalents.

91. On information and belief, Defendant's employees, agents, partners, customers, users, and/or suppliers have in the past and continue to make, provide, use, test, distribute, sell, offer to sell, advertise, and/or import the Accused Instrumentalities in the United States.

92.      On information and belief, Defendant had actual knowledge of the Patents-in-Suit or was at least willfully blind as to their existence, and also had actual knowledge or was at least willfully blind that its actions would cause its employees, agents, partners, customers, users, and/or suppliers to infringe, by no later than March 2019.  Defendant was also made aware of the '941 patent and its infringement through the filing and service of this Complaint.

93.      On information and belief, since March 2019, and by no later than the filing and service of this Complaint, Defendant has induced infringement and continues to induce infringement of the '941 patent under 35 U.S.C. § 271(b).

94.      On information and belief, Defendant makes, provides, uses, tests, distributes, sells, offers to sell, advertises, and/or imports the Accused Instrumentalities as part of Defendant's knowing and intentional inducement of Defendant's employees, agents, partners, customers, users, and/or suppliers to directly infringe one or more of the asserted claims of the '941 patent by directing, encouraging, instructing, supporting, and aiding those persons to make, use, sell, or offer to sell the Accused Instrumentalities in a manner that infringes.  On information and belief, Defendant acted with intent to cause direct infringement. Specifically, Defendant had actual knowledge of the Patents-in-Suit or was at least willfully blind as to their existence, and also had actual knowledge or was at least willfully blind that its actions would cause its employees, agents, partners, customers, users, and/or suppliers to directly infringe.

95.      On information and belief, Defendant has taken active steps to induce infringement of the asserted claims of the '941 patent, such as the providing of instruction materials, engineering support, customer support, customer training, and other services for Defendant's employees, agents, partners, customers, users, and/or suppliers regarding the features, functions, operation, and use of the Accused Instrumentalities. As examples, Defendant provides User Guides for the

Accused Instrumentalities on the Geoforce website, as referenced above, and provides the product literature described and cited in the claim chart attached hereto as Exhibit B-1.

96.    On information and belief, since March 2019, and by no later than the filing and service of this Complaint, Defendant has contributed to and continues to contribute to infringement of the '941 patent under 35 U.S.C. § 271(c).

97.    On information and belief, Defendant makes, provides, uses, tests, distributes, sells, offers to sell, advertises, and/or imports components of a location tracking system that constitute a material part of the invention claimed in the '941 patent, knowing the same to be especially made or especially adapted for use in an infringement of the patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

98.    PerDiem has been and continues to be damaged by Defendant's infringement of the '941 patent.

99.    On information and belief, since March 2019, and by no later than the filing and service of this Complaint, Defendant has willfully infringed the '941 patent.

100.    On information and belief, the conduct by Defendant in infringing the '941 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

101.    On information and belief, Defendant has had at least the following policies or practices that make its infringement of the '941 patent willful and make this an exceptional case: (1) not substantively investigating or responding to written notices of patent infringement; (2) not conducting sufficient due diligence to determine whether a company, business, and product line it was acquiring was infringing or had been accused of infringement; and (3) continuing with infringing acts if products or components used by Defendant to infringe were supplied to it by a third party.

102.    The claim chart for the '941 patent (Exhibit B-1) is provided solely for the purpose of satisfying the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure.  No part of the claim chart construes, or is intended to construe, the claims, specification, or prosecution history of the '941 patent. The claim chart does not represent PerDiem's preliminary or final infringement contentions, and PerDiem reserves the right to modify its infringement positions as discovery progresses in this case. The claim chart does not limit, and is not intended to limit, PerDiem's positions or contentions on claim construction, infringement, or validity.

## COUNT II – INFRINGEMENT OF THE '874 PATENT

103.    Paragraphs 1 through 85 are incorporated by reference as if fully set forth herein.

104.    On information and belief, Defendant directly infringes and continues to directly infringe under 35 U.S.C. § 271(a) at least one or more claims of the '874 patent, literally and/or under the doctrine of equivalents.

105.    On information and belief, Defendant has in the past and continues to make, provide, use, test, distribute, sell, offer to sell, advertise, and/or import the Accused Instrumentalities in the United States.

106.    An exemplary claim chart attached hereto as Exhibit B-2 and incorporated by reference herein details the correspondence of every element of claims 1, 11, 44, and 45 of the '874 patent with features of the Accused Instrumentalities.

107.    On information and belief, Defendant's employees, agents, partners, customers, users, and/or suppliers directly infringe and continue to directly infringe at least one or more claims of the '874 patent, literally and/or under the doctrine of equivalents.

108.    On information and belief, Defendant's employees, agents, partners, customers, users, and/or suppliers have in the past and continue to make, provide, use, test, distribute, sell, offer to sell, advertise, and/or import the Accused Instrumentalities in the United States.

109.      On information and belief, Defendant had actual knowledge of the Patents-in-Suit or was at least willfully blind as to their existence, and also had actual knowledge or was at least willfully blind that its actions would cause its employees, agents, partners, customers, users, and/or suppliers to infringe, by no later than March 2019.  Defendant was also made aware of the '874 patent and its infringement through the filing and service of this Complaint.

110.      On information and belief, since March 2019, and by no later than the filing and service of this Complaint, Defendant has induced infringement and continues to induce infringement of the '874 patent under 35 U.S.C. § 271(b).

111.      On information and belief, Defendant makes, provides, uses, tests, distributes, sells, offers to sell, advertises, and/or imports the Accused Instrumentalities as part of Defendant's knowing and intentional inducement of Defendant's employees, agents, partners, customers, users, and/or suppliers to directly infringe one or more of the asserted claims of the '874 patent by directing, encouraging, instructing, supporting, and aiding those persons to make, use, sell, or offer to sell the Accused Instrumentalities in a manner that infringes.  On information and belief, Defendant acted with intent to cause direct infringement. Specifically, Defendant had actual knowledge of the Patents-in-Suit or was at least willfully blind as to their existence, and also had actual knowledge or was at least willfully blind that its actions would cause its employees, agents, partners, customers, users, and/or suppliers to directly infringe.

112.      On information and belief, Defendant has taken active steps to induce infringement of the asserted claims of the '874 patent, such as the providing of instruction materials, engineering support, customer support, customer training, and other services for Defendant's employees, agents, partners, customers, users, and/or suppliers regarding the features, functions, operation, and use of the Accused Instrumentalities. As examples, Defendant provides User Guides for the

Accused Instrumentalities on the Geoforce website, as referenced above, and provides the product literature described and cited in the claim chart attached hereto as Exhibit B-2.

113.    On information and belief, since March 2019, and by no later than the filing and service of this Complaint, Defendant has contributed to and continues to contribute to infringement of the '874 patent under 35 U.S.C. § 271(c).

114.    On information and belief, Defendant makes, provides, uses, tests, distributes, sells, offers to sell, advertises, and/or imports components of a location tracking system that constitute a material part of the invention claimed in the '874 patent, knowing the same to be especially made or especially adapted for use in an infringement of the patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

115.    PerDiem has been and continues to be damaged by Defendant's infringement of the '874 patent.

116.    On information and belief, since March 2019, and by no later than the filing and service of this Complaint, Defendant has willfully infringed the '874 patent.

117.    On information and belief, the conduct by Defendant in infringing the '874 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

118.    On information and belief, Defendant has had at least the following policies or practices that make its infringement of the '874 patent willful and make this an exceptional case: (1) not substantively investigating or responding to written notices of patent infringement; (2) not conducting sufficient due diligence to determine whether a company, business, and product line it was acquiring was infringing or had been accused of infringement; and (3) continuing with infringing acts if products or components used by Defendant to infringe were supplied to it by a third party.

119.     The claim chart for the '874 patent (Exhibit B-2) is provided solely for the purpose of satisfying the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure.  No part of the claim chart construes, or is intended to construe, the claims, specification, or prosecution history of the '874 patent. The claim chart does not represent PerDiem's preliminary or final infringement contentions, and PerDiem reserves the right to modify its infringement positions as discovery progresses in this case. The claim chart does not limit, and is not intended to limit, PerDiem's positions or contentions on claim construction, infringement, or validity.

## COUNT III – INFRINGEMENT OF THE '198 PATENT

120.     Paragraphs 1 through 85 are incorporated by reference as if fully set forth herein.

121.     On information and belief, Defendant directly infringes and continues to directly infringe under 35 U.S.C. § 271(a) at least one or more claims of the '198 patent, literally and/or under the doctrine of equivalents.

122.     On information and belief, Defendant has in the past and continues to make, provide, use, test, distribute, sell, offer to sell, advertise, and/or import the Accused Instrumentalities in the United States.

123.     An exemplary claim chart attached hereto as Exhibit B-3 and incorporated by reference herein details the correspondence of every element of claims 1, 4, and 7 of the '198 patent with features of the Accused Instrumentalities.

124.     On information and belief, Defendant's employees, agents, partners, customers, users, and/or suppliers directly infringe and continue to directly infringe at least one or more claims of the '198 patent, literally and/or under the doctrine of equivalents.

125.     On information and belief, Defendant's employees, agents, partners, customers, users, and/or suppliers have in the past and continue to make, provide, use, test, distribute, sell, offer to sell, advertise, and/or import the Accused Instrumentalities in the United States.

126.     On information and belief, Defendant had actual knowledge of the Patents-in-Suit or was at least willfully blind as to their existence, and also had actual knowledge or was at least willfully blind that its actions would cause its employees, agents, partners, customers, users, and/or suppliers to infringe, by no later than March 2019.  Defendant was also made aware of the '198 patent and its infringement through the filing and service of this Complaint.

127.     On information and belief, since March 2019, and by no later than the filing and service of this Complaint, Defendant has induced infringement and continues to induce infringement of the '198 patent under 35 U.S.C. § 271(b).

128.     On information and belief, Defendant makes, provides, uses, tests, distributes, sells, offers to sell, advertises, and/or imports the Accused Instrumentalities as part of Defendant's knowing and intentional inducement of Defendant's employees, agents, partners, customers, users, and/or suppliers to directly infringe one or more of the asserted claims of the '198 patent by directing, encouraging, instructing, supporting, and aiding those persons to make, use, sell, or offer to sell the Accused Instrumentalities in a manner that infringes.  On information and belief, Defendant acted with intent to cause direct infringement. Specifically, Defendant had actual knowledge of the Patents-in-Suit or was at least willfully blind as to their existence, and also had actual knowledge or was at least willfully blind that its actions would cause its employees, agents, partners, customers, users, and/or suppliers to directly infringe.

129.     On information and belief, Defendant has taken active steps to induce infringement of the asserted claims of the '198 patent, such as the providing of instruction materials, engineering support, customer support, customer training, and other services for Defendant's employees, agents, partners, customers, users, and/or suppliers regarding the features, functions, operation, and use of the Accused Instrumentalities. As examples, Defendant provides User Guides for the

Accused Instrumentalities on the Geoforce website, as referenced above, and provides the product literature described and cited in the claim chart attached hereto as Exhibit B-3.

130.     On information and belief, since March 2019, and by no later than the filing and service of this Complaint, Defendant has contributed to and continues to contribute to infringement of the '198 patent under 35 U.S.C. § 271(c).

131.     On information and belief, Defendant makes, provides, uses, tests, distributes, sells, offers to sell, advertises, and/or imports components of a location tracking system that constitute a material part of the invention claimed in the '198 patent, knowing the same to be especially made or especially adapted for use in an infringement of the patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

132.     PerDiem has been and continues to be damaged by Defendant's infringement of the '198 patent.

133.     On information and belief, since March 2019, and by no later than the filing and service of this Complaint, Defendant has willfully infringed the '198 patent.

134.     On information and belief, the conduct by Defendant in infringing the '198 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

135.     On information and belief, Defendant has had at least the following policies or practices that make its infringement of the '198 patent willful and make this an exceptional case: (1) not substantively investigating or responding to written notices of patent infringement; (2) not conducting sufficient due diligence to determine whether a company, business, and product line it was acquiring was infringing or had been accused of infringement; and (3) continuing with infringing acts if products or components used by Defendant to infringe were supplied to it by a third party.

136.     The claim chart for the '198 patent (Exhibit B-3) is provided solely for the purpose of satisfying the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure.  No part of the claim chart construes, or is intended to construe, the claims, specification, or prosecution history of the '198 patent. The claim chart does not represent PerDiem's preliminary or final infringement contentions, and PerDiem reserves the right to modify its infringement positions as discovery progresses in this case. The claim chart does not limit, and is not intended to limit, PerDiem's positions or contentions on claim construction, infringement, or validity.

### COUNT IV – INFRINGEMENT OF THE '789 PATENT

137.     Paragraphs 1 through 85 are incorporated by reference as if fully set forth herein.

138.     On information and belief, Defendant directly infringes and continues to directly infringe under 35 U.S.C. § 271(a) at least one or more claims of the '789 patent, literally and/or under the doctrine of equivalents.

139.     On information and belief, Defendant has in the past and continues to make, provide, use, test, distribute, sell, offer to sell, advertise, and/or import the Accused Instrumentalities in the United States.

140.     An exemplary claim chart attached hereto as Exhibit B-4 and incorporated by reference herein details the correspondence of every element of claims 1, 12, 14 and 16 of the '789 patent with features of the Accused Instrumentalities.

141.     On information and belief, Defendant's employees, agents, partners, customers, users, and/or suppliers directly infringe and continue to directly infringe at least one or more claims of the '789 patent, literally and/or under the doctrine of equivalents.

142.     On information and belief, Defendant's employees, agents, partners, customers, users, and/or suppliers have in the past and continue to make, provide, use, test, distribute, sell, offer to sell, advertise, and/or import the Accused Instrumentalities in the United States.

143.    On information and belief, Defendant had actual knowledge of the Patents-in-Suit or was at least willfully blind as to their existence, and also had actual knowledge or was at least willfully blind that its actions would cause its employees, agents, partners, customers, users, and/or suppliers to infringe, by no later than March 2019.  Defendant was also made aware of the '789 patent and its infringement through the filing and service of this Complaint.

144.    On information and belief, since the date of issuance of the patent, and by no later than the filing and service of this Complaint, Defendant has induced infringement and continues to induce infringement of the '789 patent under 35 U.S.C. § 271(b).

145.    On information and belief, Defendant makes, provides, uses, tests, distributes, sells, offers to sell, advertises, and/or imports the Accused Instrumentalities as part of Defendant's knowing and intentional inducement of Defendant's employees, agents, partners, customers, users, and/or suppliers to directly infringe one or more of the asserted claims of the '789 patent by directing, encouraging, instructing, supporting, and aiding those persons to make, use, sell, or offer to sell the Accused Instrumentalities in a manner that infringes.  On information and belief, Defendant acted with intent to cause direct infringement. Specifically, Defendant had actual knowledge of the Patents-in-Suit or was at least willfully blind as to their existence, and also had actual knowledge or was at least willfully blind that its actions would cause its employees, agents, partners, customers, users, and/or suppliers to directly infringe.

146.    On information and belief, Defendant has taken active steps to induce infringement of the asserted claims of the '789 patent, such as the providing of instruction materials, engineering support, customer support, customer training, and other services for Defendant's employees, agents, partners, customers, users, and/or suppliers regarding the features, functions, operation, and use of the Accused Instrumentalities. As examples, Defendant provides User Guides for the

Accused Instrumentalities on the Geoforce website, as referenced above, and provides the product literature described and cited in the claim chart attached hereto as Exhibit B-4.

147.    On information and belief, since the date of issuance of the patent, and by no later than the filing and service of this Complaint, Defendant has contributed to and continues to contribute to infringement of the '789 patent under 35 U.S.C. § 271(c).

148.    On information and belief, Defendant makes, provides, uses, tests, distributes, sells, offers to sell, advertises, and/or imports components of a location tracking system that constitute a material part of the invention claimed in the '789 patent, knowing the same to be especially made or especially adapted for use in an infringement of the patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

149.    PerDiem has been and continues to be damaged by Defendant's infringement of the '789 patent.

150.    On information and belief, since the date of issuance of the patent, and by no later than the filing and service of this Complaint, Defendant has willfully infringed the '789 patent.

151.    On information and belief, the conduct by Defendant in infringing the '789 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

152.    On information and belief, Defendant has had at least the following policies or practices that make its infringement of the '789 patent willful and make this an exceptional case: (1) not substantively investigating or responding to written notices of patent infringement; (2) not conducting sufficient due diligence to determine whether a company, business, and product line it was acquiring was infringing or had been accused of infringement; and (3) continuing with infringing acts if products or components used by Defendant to infringe were supplied to it by a third party.

153.     The claim chart for the '789 patent (Exhibit B-4) is provided solely for the purpose of satisfying the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure.  No part of the claim chart construes, or is intended to construe, the claims, specification, or prosecution history of the '789 patent. The claim chart does not represent PerDiem's preliminary or final infringement contentions, and PerDiem reserves the right to modify its infringement positions as discovery progresses in this case. The claim chart does not limit, and is not intended to limit, PerDiem's positions or contentions on claim construction, infringement, or validity.

### COUNT V – INFRINGEMENT OF THE '364 PATENT

154.      Paragraphs 1 through 85 are incorporated by reference as if fully set forth herein.

155.     On information and belief, Defendant directly infringes and continues to directly infringe under 35 U.S.C. § 271(a) at least one or more claims of the '364 patent, literally and/or under the doctrine of equivalents.

156.     On information and belief, Defendant has in the past and continues to make, provide, use, test, distribute, sell, offer to sell, advertise, and/or import the Accused Instrumentalities in the United States.

157.     An exemplary claim chart attached hereto as Exhibit B-5 and incorporated by reference herein details the correspondence of every element of claim 3 of the '364 patent with features of the Accused Instrumentalities.

158.     On information and belief, Defendant's employees, agents, partners, customers, users, and/or suppliers directly infringe and continue to directly infringe at least one or more claims of the '364 patent, literally and/or under the doctrine of equivalents.

159.     On information and belief, Defendant's employees, agents, partners, customers, users, and/or suppliers have in the past and continue to make, provide, use, test, distribute, sell, offer to sell, advertise, and/or import the Accused Instrumentalities in the United States.

160.    On information and belief, Defendant had actual knowledge of the Patents-in-Suit or was at least willfully blind as to their existence, and also had actual knowledge or was at least willfully blind that its actions would cause its employees, agents, partners, customers, users, and/or suppliers to infringe, by no later than March 2019.  Defendant was also made aware of the '364 patent and its infringement through the filing and service of this Complaint.

161.    On information and belief, since the date of issuance of the patent, and by no later than the filing and service of this Complaint, Defendant has induced infringement and continues to induce infringement of the '364 patent under 35 U.S.C. § 271(b).

162.    On information and belief, Defendant makes, provides, uses, tests, distributes, sells, offers to sell, advertises, and/or imports the Accused Instrumentalities as part of Defendant's knowing and intentional inducement of Defendant's employees, agents, partners, customers, users, and/or suppliers to directly infringe one or more of the asserted claims of the '364 patent by directing, encouraging, instructing, supporting, and aiding those persons to make, use, sell, or offer to sell the Accused Instrumentalities in a manner that infringes.  On information and belief, Defendant acted with intent to cause direct infringement. Specifically, Defendant had actual knowledge of the Patents-in-Suit or was at least willfully blind as to their existence, and also had actual knowledge or was at least willfully blind that its actions would cause its employees, agents, partners, customers, users, and/or suppliers to directly infringe.

163.    On information and belief, Defendant has taken active steps to induce infringement of the asserted claims of the '364 patent, such as the providing of instruction materials, engineering support, customer support, customer training, and other services for Defendant's employees, agents, partners, customers, users, and/or suppliers regarding the features, functions, operation, and use of the Accused Instrumentalities. As examples, Defendant provides User Guides for the

Accused Instrumentalities on the Geoforce website, as referenced above, and provides the product literature described and cited in the claim chart attached hereto as Exhibit B-5.

164.     On information and belief, since the date of issuance of the patent, and by no later than the filing and service of this Complaint, Defendant has contributed to and continues to contribute to infringement of the '364 patent under 35 U.S.C. § 271(c).

165.     On information and belief, Defendant makes, provides, uses, tests, distributes, sells, offers to sell, advertises, and/or imports components of a location tracking system that constitute a material part of the invention claimed in the '364 patent, knowing the same to be especially made or especially adapted for use in an infringement of the patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

166.     PerDiem has been and continues to be damaged by Defendant's infringement of the '364 patent.

167.     On information and belief, since the date of issuance of the patent, and by no later than the filing and service of this Complaint, Defendant has willfully infringed the '364 patent.

168.     On information and belief, the conduct by Defendant in infringing the '364 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

169.     On information and belief, Defendant has had at least the following policies or practices that make its infringement of the '364 patent willful and make this an exceptional case: (1) not substantively investigating or responding to written notices of patent infringement; (2) not conducting sufficient due diligence to determine whether a company, business, and product line it was acquiring was infringing or had been accused of infringement; and (3) continuing with infringing acts if products or components used by Defendant to infringe were supplied to it by a third party.

170.     The claim chart for the '364 patent (Exhibit B-5) is provided solely for the purpose of satisfying the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure.  No part of the claim chart construes, or is intended to construe, the claims, specification, or prosecution history of the '364 patent. The claim chart does not represent PerDiem's preliminary or final infringement contentions, and PerDiem reserves the right to modify its infringement positions as discovery progresses in this case. The claim chart does not limit, and is not intended to limit, PerDiem's positions or contentions on claim construction, infringement, or validity.

## COUNT VI – INFRINGEMENT OF THE '809 PATENT

171.     Paragraphs 1 through 85 are incorporated by reference as if fully set forth herein.

172.     On information and belief, Defendant directly infringes and continues to directly infringe under 35 U.S.C. § 271(a) at least one or more claims of the '809 patent, literally and/or under the doctrine of equivalents.

173.     On information and belief, Defendant has in the past and continues to make, provide, use, test, distribute, sell, offer to sell, advertise, and/or import the Accused Instrumentalities in the United States.

174.     An exemplary claim chart attached hereto as Exhibit B-6 and incorporated by reference herein details the correspondence of every element of claim 1 of the ' 809 patent with features of the Accused Instrumentalities.

175.     On information and belief, Defendant's employees, agents, partners, customers, users, and/or suppliers directly infringe and continue to directly infringe at least one or more claims of the '809 patent, literally and/or under the doctrine of equivalents.

176.     On information and belief, Defendant's employees, agents, partners, customers, users, and/or suppliers have in the past and continue to make, provide, use, test, distribute, sell, offer to sell, advertise, and/or import the Accused Instrumentalities in the United States.

177.    On information and belief, Defendant had actual knowledge of the Patents-in-Suit or was at least willfully blind as to their existence, and also had actual knowledge or was at least willfully blind that its actions would cause its employees, agents, partners, customers, users, and/or suppliers to infringe, by no later than March 2019.  Defendant was also made aware of the '809 patent and its infringement through the filing and service of this Complaint.

178.    On information and belief, since the date of issuance of the patent, and by no later than the filing and service of this Complaint, Defendant has induced infringement and continues to induce infringement of the '809 patent under 35 U.S.C. § 271(b).

179.    On information and belief, Defendant makes, provides, uses, tests, distributes, sells, offers to sell, advertises, and/or imports the Accused Instrumentalities as part of Defendant's knowing and intentional inducement of Defendant's employees, agents, partners, customers, users, and/or suppliers to directly infringe one or more of the asserted claims of the '809 patent by directing, encouraging, instructing, supporting, and aiding those persons to make, use, sell, or offer to sell the Accused Instrumentalities in a manner that infringes.  On information and belief, Defendant acted with intent to cause direct infringement. Specifically, Defendant had actual knowledge of the Patents-in-Suit or was at least willfully blind as to their existence, and also had actual knowledge or was at least willfully blind that its actions would cause its employees, agents, partners, customers, users, and/or suppliers to directly infringe.

180.    On information and belief, Defendant has taken active steps to induce infringement of the asserted claims of the '809 patent, such as the providing of instruction materials, engineering support, customer support, customer training, and other services for Defendant's employees, agents, partners, customers, users, and/or suppliers regarding the features, functions, operation, and use of the Accused Instrumentalities. As examples, Defendant provides User Guides for the

Accused Instrumentalities on the Geoforce website, as referenced above, and provides the product literature described and cited in the claim chart attached hereto as Exhibit B-6.

181.    On information and belief, since the date of issuance of the patent, and by no later than the filing and service of this Complaint, Defendant has contributed to and continues to contribute to infringement of the '809 patent under 35 U.S.C. § 271(c).

182.    On information and belief, Defendant makes, provides, uses, tests, distributes, sells, offers to sell, advertises, and/or imports components of a location tracking system that constitute a material part of the invention claimed in the '809 patent, knowing the same to be especially made or especially adapted for use in an infringement of the patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

183.    PerDiem has been and continues to be damaged by Defendant's infringement of the '809 patent.

184.    On information and belief, since the date of issuance of the patent, and by no later than the filing and service of this Complaint, Defendant has willfully infringed the '809 patent.

185.    On information and belief, the conduct by Defendant in infringing the '809 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

186.    On information and belief, Defendant has had at least the following policies or practices that make its infringement of the '809 patent willful and make this an exceptional case: (1) not substantively investigating or responding to written notices of patent infringement; (2) not conducting sufficient due diligence to determine whether a company, business, and product line it was acquiring was infringing or had been accused of infringement; and (3) continuing with infringing acts if products or components used by Defendant to infringe were supplied to it by a third party.

187.    The claim chart for the '809 patent (Exhibit B-6) is provided solely for the purpose of satisfying the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure.  No part of the claim chart construes, or is intended to construe, the claims, specification, or prosecution history of the '809 patent. The claim chart does not represent PerDiem's preliminary or final infringement contentions, and PerDiem reserves the right to modify its infringement positions as discovery progresses in this case. The claim chart does not limit, and is not intended to limit, PerDiem's positions or contentions on claim construction, infringement, or validity.

## COUNT VII – INFRINGEMENT OF THE '038 PATENT

188.    Paragraphs 1 through 85 are incorporated by reference as if fully set forth herein.

189.    On information and belief, Defendant directly infringes and continues to directly infringe under 35 U.S.C. § 271(a) at least one or more claims of the '038 patent, literally and/or under the doctrine of equivalents.

190.    On information and belief, Defendant has in the past and continues to make, provide, use, test, distribute, sell, offer to sell, advertise, and/or import the Accused Instrumentalities in the United States.

191.    An exemplary claim chart attached hereto as Exhibit B-7 and incorporated by reference herein details the correspondence of every element of claim 1 of the '038 patent with features of the Accused Instrumentalities.

192.    On information and belief, Defendant's employees, agents, partners, customers, users, and/or suppliers directly infringe and continue to directly infringe at least one or more claims of the '038 patent, literally and/or under the doctrine of equivalents.

193.    On information and belief, Defendant's employees, agents, partners, customers, users, and/or suppliers have in the past and continue to make, provide, use, test, distribute, sell, offer to sell, advertise, and/or import the Accused Instrumentalities in the United States.

194.    On information and belief, Defendant had actual knowledge of the Patents-in-Suit or was at least willfully blind as to their existence, and also had actual knowledge or was at least willfully blind that its actions would cause its employees, agents, partners, customers, users, and/or suppliers to infringe, by no later than March 2019.  Defendant was also made aware of the '038 patent and its infringement through the filing and service of this Complaint.

195.    On information and belief, since the date of issuance of the patent, and by no later than the filing and service of this Complaint, Defendant has induced infringement and continues to induce infringement of the '038 patent under 35 U.S.C. § 271(b).

196.    On information and belief, Defendant makes, provides, uses, tests, distributes, sells, offers to sell, advertises, and/or imports the Accused Instrumentalities as part of Defendant's knowing and intentional inducement of Defendant's employees, agents, partners, customers, users, and/or suppliers to directly infringe one or more of the asserted claims of the '038 patent by directing, encouraging, instructing, supporting, and aiding those persons to make, use, sell, or offer to sell the Accused Instrumentalities in a manner that infringes.  On information and belief, Defendant acted with intent to cause direct infringement. Specifically, Defendant had actual knowledge of the Patents-in-Suit or was at least willfully blind as to their existence, and also had actual knowledge or was at least willfully blind that its actions would cause its employees, agents, partners, customers, users, and/or suppliers to directly infringe.

197.    On information and belief, Defendant has taken active steps to induce infringement of the asserted claims of the '038 patent, such as the providing of instruction materials, engineering support, customer support, customer training, and other services for Defendant's employees, agents, partners, customers, users, and/or suppliers regarding the features, functions, operation, and use of the Accused Instrumentalities. As examples, Defendant provides User Guides for the

Accused Instrumentalities on the Geoforce website, as referenced above, and provides the product literature described and cited in the claim chart attached hereto as Exhibit B-7.

198.    On information and belief, since the date of issuance of the patent, and by no later than the filing and service of this Complaint, Defendant has contributed to and continues to contribute to infringement of the '038 patent under 35 U.S.C. § 271(c).

199.    On information and belief, Defendant makes, provides, uses, tests, distributes, sells, offers to sell, advertises, and/or imports components of a location tracking system that constitute a material part of the invention claimed in the '038 patent, knowing the same to be especially made or especially adapted for use in an infringement of the patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

200.    PerDiem has been and continues to be damaged by Defendant's infringement of the '038 patent.

201.    On information and belief, since the date of issuance of the patent, and by no later than the filing and service of this Complaint, Defendant has willfully infringed the '038 patent.

202.    On information and belief, the conduct by Defendant in infringing the '038 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

203.    On information and belief, Defendant has had at least the following policies or practices that make its infringement of the '038 patent willful and make this an exceptional case: (1) not substantively investigating or responding to written notices of patent infringement; (2) not conducting sufficient due diligence to determine whether a company, business, and product line it was acquiring was infringing or had been accused of infringement; and (3) continuing with infringing acts if products or components used by Defendant to infringe were supplied to it by a third party.

204.     The claim chart for the '038 patent (Exhibit B-7) is provided solely for the purpose of satisfying the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure.  No part of the claim chart construes, or is intended to construe, the claims, specification, or prosecution history of the '038 patent. The claim chart does not represent PerDiem's preliminary or final infringement contentions, and PerDiem reserves the right to modify its infringement positions as discovery progresses in this case. The claim chart does not limit, and is not intended to limit, PerDiem's positions or contentions on claim construction, infringement, or validity.

### COUNT VIII – INFRINGEMENT OF THE '237 PATENT

205.     Paragraphs 1 through 85 are incorporated by reference as if fully set forth herein.

206.     On information and belief, Defendant directly infringes and continues to directly infringe under 35 U.S.C. § 271(a) at least one or more claims of the '237 patent, literally and/or under the doctrine of equivalents.

207.     On information and belief, Defendant has in the past and continues to make, provide, use, test, distribute, sell, offer to sell, advertise, and/or import the Accused Instrumentalities in the United States.

208.     An exemplary claim chart attached hereto as Exhibit B-8 and incorporated by reference herein details the correspondence of every element of claims 1, 5, and 10 of the '237 patent with features of the Accused Instrumentalities.

209.     On information and belief, Defendant's employees, agents, partners, customers, users, and/or suppliers directly infringe and continue to directly infringe at least one or more claims of the '237 patent, literally and/or under the doctrine of equivalents.

210.    On information and belief, Defendant's employees, agents, partners, customers, users, and/or suppliers have in the past and continue to make, provide, use, test, distribute, sell, offer to sell, advertise, and/or import the Accused Instrumentalities in the United States.

211.    On information and belief, Defendant had actual knowledge of the Patents-in-Suit or was at least willfully blind as to their existence, and also had actual knowledge or was at least willfully blind that its actions would cause its employees, agents, partners, customers, users, and/or suppliers to infringe, by no later than March 2019.  Defendant was also made aware of the '237 patent and its infringement through the filing and service of this Complaint.

212.    On information and belief, since the date of issuance of the patent, and by no later than the filing and service of this Complaint, Defendant has induced infringement and continues to induce infringement of the '237 patent under 35 U.S.C. § 271(b).

213.    On information and belief, Defendant makes, provides, uses, tests, distributes, sells, offers to sell, advertises, and/or imports the Accused Instrumentalities as part of Defendant's knowing and intentional inducement of Defendant's employees, agents, partners, customers, users, and/or suppliers to directly infringe one or more of the asserted claims of the '237 patent by directing, encouraging, instructing, supporting, and aiding those persons to make, use, sell, or offer to sell the Accused Instrumentalities in a manner that infringes.  On information and belief, Defendant acted with intent to cause direct infringement. Specifically, Defendant had actual knowledge of the Patents-in-Suit or was at least willfully blind as to their existence, and also had actual knowledge or was at least willfully blind that its actions would cause its employees, agents, partners, customers, users, and/or suppliers to directly infringe.

214.    On information and belief, Defendant has taken active steps to induce infringement of the asserted claims of the '237 patent, such as the providing of instruction materials, engineering

support, customer support, customer training, and other services for Defendant's employees, agents, partners, customers, users, and/or suppliers regarding the features, functions, operation, and use of the Accused Instrumentalities. As examples, Defendant provides User Guides for the Accused Instrumentalities on the Geoforce website, as referenced above, and provides the product literature described and cited in the claim chart attached hereto as Exhibit B-8.

215.    On information and belief, since the date of issuance of the patent, and by no later than the filing and service of this Complaint, Defendant has contributed to and continues to contribute to infringement of the '237 patent under 35 U.S.C. § 271(c).

216.    On information and belief, Defendant makes, provides, uses, tests, distributes, sells, offers to sell, advertises, and/or imports components of a location tracking system that constitute a material part of the invention claimed in the '237 patent, knowing the same to be especially made or especially adapted for use in an infringement of the patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

217.    PerDiem has been and continues to be damaged by Defendant's infringement of the '237 patent.

218.    On information and belief, since the date of issuance of the patent, and by no later than the filing and service of this Complaint, Defendant has willfully infringed the '237 patent.

219.    On information and belief, the conduct by Defendant in infringing the '237 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

220.    On information and belief, Defendant has had at least the following policies or practices that make its infringement of the '237 patent willful and make this an exceptional case: (1) not substantively investigating or responding to written notices of patent infringement; (2) not conducting sufficient due diligence to determine whether a company, business, and product line it

was acquiring was infringing or had been accused of infringement; and (3) continuing with infringing acts if products or components used by Defendant to infringe were supplied to it by a third party.

221.     The claim chart for the '237 patent (Exhibit B-8) is provided solely for the purpose of satisfying the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure.  No part of the claim chart construes, or is intended to construe, the claims, specification, or prosecution history of the '237 patent. The claim chart does not represent PerDiem's preliminary or final infringement contentions, and PerDiem reserves the right to modify its infringement positions as discovery progresses in this case. The claim chart does not limit, and is not intended to limit, PerDiem's positions or contentions on claim construction, infringement, or validity.

## COUNT IX – INFRINGEMENT OF THE '595 PATENT

222.     Paragraphs 1 through 85 are incorporated by reference as if fully set forth herein.

223.     On information and belief, Defendant directly infringes and continues to directly infringe under 35 U.S.C. § 271(a) at least one or more claims of the '595 patent, literally and/or under the doctrine of equivalents.

224.     On information and belief, Defendant has in the past and continues to make, provide, use, test, distribute, sell, offer to sell, advertise, and/or import the Accused Instrumentalities in the United States.

225.     An exemplary claim chart attached hereto as Exhibit B-9 and incorporated by reference herein details the correspondence of every element of claim 1 of the '595 patent with features of the Accused Instrumentalities.

226.     On information and belief, Defendant's employees, agents, partners, customers, users, and/or suppliers directly infringe and continue to directly infringe at least one or more claims of the '595 patent, literally and/or under the doctrine of equivalents.

227.     On information and belief, Defendant's employees, agents, partners, customers, users, and/or suppliers have in the past and continue to make, provide, use, test, distribute, sell, offer to sell, advertise, and/or import the Accused Instrumentalities in the United States.

228.     On information and belief, Defendant had actual knowledge of the Patents-in-Suit or was at least willfully blind as to their existence, and also had actual knowledge or was at least willfully blind that its actions would cause its employees, agents, partners, customers, users, and/or suppliers to infringe, by no later than March 2019.  Defendant was also made aware of the '595 patent and its infringement through the filing and service of this Complaint.

229.     On information and belief, since the date of issuance of the patent, and by no later than the filing and service of this Complaint, Defendant has induced infringement and continues to induce infringement of the '595 patent under 35 U.S.C. § 271(b).

230.     On information and belief, Defendant makes, provides, uses, tests, distributes, sells, offers to sell, advertises, and/or imports the Accused Instrumentalities as part of Defendant's knowing and intentional inducement of Defendant's employees, agents, partners, customers, users, and/or suppliers to directly infringe one or more of the asserted claims of the '595 patent by directing, encouraging, instructing, supporting, and aiding those persons to make, use, sell, or offer to sell the Accused Instrumentalities in a manner that infringes.  On information and belief, Defendant acted with intent to cause direct infringement. Specifically, Defendant had actual knowledge of the Patents-in-Suit or was at least willfully blind as to their existence, and also had actual knowledge or was at least willfully blind that its actions would cause its employees, agents, partners, customers, users, and/or suppliers to directly infringe.

231.     On information and belief, Defendant has taken active steps to induce infringement of the asserted claims of the '595 patent, such as the providing of instruction materials, engineering

support, customer support, customer training, and other services for Defendant's employees, agents, partners, customers, users, and/or suppliers regarding the features, functions, operation, and use of the Accused Instrumentalities. As examples, Defendant provides User Guides for the Accused Instrumentalities on the Geoforce website, as referenced above, and provides the product literature described and cited in the claim chart attached hereto as Exhibit B-9.

232.    On information and belief, since the date of issuance of the patent, and by no later than the filing and service of this Complaint, Defendant has contributed to and continues to contribute to infringement of the '595 patent under 35 U.S.C. § 271(c).

233.    On information and belief, Defendant makes, provides, uses, tests, distributes, sells, offers to sell, advertises, and/or imports components of a location tracking system that constitute a material part of the invention claimed in the '595 patent, knowing the same to be especially made or especially adapted for use in an infringement of the patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

234.    PerDiem has been and continues to be damaged by Defendant's infringement of the '595 patent.

235.    On information and belief, since the date of issuance of the patent, and by no later than the filing and service of this Complaint, Defendant has willfully infringed the '595 patent.

236.    On information and belief, the conduct by Defendant in infringing the '595 patent renders this case exceptional within the meaning of 35 U.S.C. § 285.

237.    On information and belief, Defendant has had at least the following policies or practices that make its infringement of the '595 patent willful and make this an exceptional case: (1) not substantively investigating or responding to written notices of patent infringement; (2) not conducting sufficient due diligence to determine whether a company, business, and product line it

was acquiring was infringing or had been accused of infringement; and (3) continuing with infringing acts if products or components used by Defendant to infringe were supplied to it by a third party.

238.    The claim chart for the '595 patent (Exhibit B-9) is provided solely for the purpose of satisfying the notice requirements of Rule 8(a)(2) of the Federal Rule of Civil Procedure.  No part of the claim chart construes, or is intended to construe, the claims, specification, or prosecution history of the '595 patent. The claim chart does not represent PerDiem's preliminary or final infringement contentions, and PerDiem reserves the right to modify its infringement positions as discovery progresses in this case. The claim chart does not limit, and is not intended to limit, PerDiem's positions or contentions on claim construction, infringement, or validity.

## JURY DEMAND

239.    Pursuant to Rule 38 of the Federal Rules of Civil Procedure, PerDiem demands a trial by jury on all issues triable as such.

## PRAYER FOR RELIEF

WHEREFORE, PerDiem demands judgment for itself and against Defendant as follows:

A.    An adjudication that Defendant has infringed each of the Patents-in-Suit;

B.    An award of damages under 35 U.S.C. § 284 adequate to compensate PerDiem for Defendant's past infringement and any continuing or future infringement, including pre-judgment and post-judgment interest, costs, expenses, and an accounting;

C.    An adjudication that Defendant's past infringement was willful, and that Defendant's continued infringement is willful;

D.    An award of enhanced damages by reason of Defendant's willful infringement;

E.    A declaration that this case is exceptional under 35 U.S.C. § 285;

F.    An award of reasonable attorney fees to PerDiem;

G.      An injunction against Defendant from making, using, selling, offering to sell, or importing any products or services that infringe; and

H.      An award to PerDiem of such further relief at law or in equity as the Court deems just and proper.

Dated: September 13, 2023                    Respectfully submitted,

                                             */s/*Chris P. Perque*/s/*
                                             Chris P. Perque
                                             Texas State Bar No. 24005828
                                             FisherBroyles, LLP
                                             2925 Richmond Ave., Suite 1200
                                             Houston, TX 77098
                                             Phone: 832.604.4417
                                             Facsimile: 832.377.5929
                                             Email: chris.perque@fisherbroyles.com
                                             *LEAD ATTORNEY*

                                             Steven Anzalone
                                             FisherBroyles, LLP
                                             1200 G Street, NW, Suite 800
                                             Washington, DC  20005
                                             Phone: 301.968.0800
                                             Email: steven.anzalone@fisherbroyles.com
                                             (Of Counsel/To Be Admitted PHV)

                                             *Attorneys for Plaintiff,*
                                             *PerDiemCo LLC*